UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LYNN ANN MUELLER,

        Plaintiff,

vs.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

Case No. 1:09-cv-695

Hon. Gordon J. Quist

**REPORT AND RECOMMENDATION**

This matter is before the court on plaintiff's petition for attorney fees brought pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") (docket no. 15).

**I.    Background**

The undersigned issued a Report and Recommendation ("R & R") to reverse and remand this action pursuant to sentence four of 42 U.SC. § 405(g), on the ground that the ALJ because substantial evidence did not support the date used to establish plaintiff's medical improvement. *See* docket no. 15. The district judge adopted the R & R as the opinion of the court, and ordered that the Commissioner's decision be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). *See* docket no. 14. Plaintiff now seeks fees under the EAJA in the amount of $ 2,937.50.

**II.    Plaintiff's claim for fees under the EAJA**

**A.    Legal standard**

The EAJA provides in relevant part that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d). The "fees and other expenses" authorized by the EAJA include reasonable attorney fees. 28 U.S.C. § 2412(d)(2)(A).

Eligibility for an EAJA fee award in a civil action requires:

> (1) that the claimant be a "prevailing party"; (2) that the Government's position was not "substantially justified"; (3) that no "special circumstances make an award unjust"; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment n the action and be supported by an itemized statement.

*Commissioner, INS v. Jean*, 496 U.S. 154, 158 (1990).

The Sixth Circuit has identified three conditions which must be met to recover attorney fees under the EAJA: "1) the claimant must be a prevailing party; 2) the government's position must be without substantial justification; and 3) there are no special circumstances which would warrant a denial of fees." *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *see also Delta Engineering v. United States*, 41 F.3d 259, 261 (6th Cir. 1994).

Defendant's only objection raised to plaintiff's application is that the government's position was substantially justified.[1] Under the EAJA, the "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D). The government bears the burden under the EAJA to prove that its position was substantially justified. *Scarborough*

---

[1] Defendant also points out that plaintiff's motion for EAJA fees was premature, having been filed only 18 days after the court reversed and remanded this matter. *See* Defendant's Response at fn. 1 (docket no. 16). However, defendant has waived this objection. *Id.*

*v. Principi*, 541 U.S. 401, 414 (2004); *United States v. True*, 250 F.3d 410, 419 n. 7 (6th Cir. 2001).

The government's position is substantially justified

> if it is justified in substance or in the main -- that is, justified to a degree that could satisfy a reasonable person . . . [A] position can be justified even though it is not correct, and we believe it can be substantially (i.e. for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.

*United States v. Real Property Located at 2323 Charms Road*, 946 F.2d 437, 440 (6th Cir. 1991) (citations and quotations omitted). Stated another way, "[t]he test for substantial justification [under the EAJA] is whether the agency had a rational ground for thinking it had a rational ground for its action." *Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994).

### B. Discussion

#### 1. The government's position was not substantially justified

The court summarized the ALJ's error regarding the date of medical improvement as follows:

> Medical improvement is defined as "any decrease in the medical severity of your impairment(s) which was present at the time of the most recent favorable medical decision that you were disabled or continued to be disabled." 20 C.F.R. § 404.1594(b)(1). "A determination that there has been a decrease in medical severity must be based on changes (improvement) in the symptoms, signs and/or laboratory findings associated with your impairment(s)." *Id.* In this case, there was no particular event which led the ALJ to determine that the medical improvement occurred on January 1, 2007 (AR 30). The ALJ based this date on four observations: plaintiff still had difficulty with abduction in May 2006, one month after her left ankle fusion surgery; plaintiff did not see her neurosurgeon for her post surgical appointments; in May 2007, the weakness had improved over time and an MRI showed good cervical decompression with no significant root impression and the spinal canal was widely patent; and plaintiff returned to work on a part-time basis near the end of 2006 (AR 30). In his brief, defendant states that this time frame fell between March 2006 (when plaintiff was expected to gain full strength within three to six months (AR 338)), and June 13, 2007 (when plaintiff's doctor described her neck as "doing very well" (AR 498)). Defendant's Brief at pp. 6-7. Defendant

3

further states that there is no record for January 1, 2007, because plaintiff missed appointments between March 2006 and May 2007 (AR 499). *Id.*

It appears to the court that the medical improvement date is not related to any particular occurrence or examination. Rather, the January 1, 2007 date appears to be an arbitrary date chosen between March 2006 and May 2007. Based on this record, it would appear that improvement was first noted on either May 17, 2007, with the MRI showing positive results for plaintiff's cervical spine, or on June 13, 2007, when the doctor noted that plaintiff's neck was doing very well and she had no significant pain. (AR 498-99). Under these circumstances, the court agrees with plaintiff that there is no evidence of medical improvement as of January 1, 2007, as opposed to May or June of 2007. *See York v. Massanari*, 155 F. Supp. 2d 973, 980 (N.D. Ill. 2001) (the court did not uphold the ALJ's decision regarding medical improvement, where the reasons given by the ALJ "did not build a bridge between the medical evidence of record and her finding that medical improvement occurred"). Accordingly, this matter should be reversed and remanded pursuant to sentence four of § 405(g) for a re-evaluation of the date that plaintiff experienced medical improvement.

Report and Recommendation at pp. 8-9.

In opposition to plaintiff's application for EAJA fees, defendant points out that it prevailed on three of the four issues raised by plaintiff and that this matter was not remanded to re-evaluate whether plaintiff experienced medical improvement, but only to re-evaluate the date that plaintiff experienced medical improvement. The court disagrees. The ALJ denied plaintiff's benefits based upon an arbitrary date when she experienced medical improvement. Such an arbitrary decision, unsupported by the administrative record, does not have "a reasonable basis in law and fact." *See generally, Real Property Located at 2323 Charms Road*, 946 F.2d at 440. Accordingly, the government's position was not substantially justified.

**2. Amount of fees under the EAJA**

Under the EAJA, the amount of attorney fees awarded:

shall be based upon the prevailing market rates for the kind and quality of services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special

factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). Plaintiff seeks compensation of $2,937.50, based upon an hourly rate of $125.00 for 23.50 hours worked on this matter. Defendant does not contest the amount of hours expended.[2]

Although plaintiff's seeks EAJA fees at the statutory hourly rate of $125.00, her motion includes a "Computation of EAJA hourly rate" which refers to an inflation adjusted hourly rate of $173.75 based upon an increase in the consumer price index. Then, plaintiff states that "[b]y rulings of this Court, this amount has been reduced to $125.00 per hour for a total of $2,937.50." *See* Notice of Application (docket no. 15). Plaintiff's statement misconstrues the court's application of the EAJA's statutory hourly rate. As an initial matter, the court has not previously addressed plaintiff's request for EAJA fees in this case, let alone reduce the requested fee to $125.00. In addition, the EAJA's statutory hourly rate "is a ceiling and not a floor." *Chipman v. Secretary of Health & Human Services*, 781 F.2d 545, 547 (6th Cir. 1986). Thus, the court does not "reduce" a fee request to the $125.00 hourly rate, but rather allows a plaintiff to receive an increase from that hourly rate under certain circumstances. *See* 28 U.S.C. § 2412(d)(2)(A). Furthermore, plaintiff has not met her burden to increase the statutory fee. Plaintiff's "Computation of EAJA hourly rate" seeks an increased hourly rate due to an increase in the consumer price index. The court, however, cannot increase the hourly rate solely on that basis. *See Bryant v. Commissioner of Social Security*, 578 F.3d 443, 450 (6th Cir. 2009) (clarifying that submission of the Department of Labor's consumer price index and an argument that the rate of inflation supports an increase in fees, is "not

---

[2] In her reply brief, plaintiff seeks additional attorney fees for 1.50 hours spent preparing that brief ($ 187.50). However, the court will not allow this amount absent an affidavit from counsel regarding this additional fee.

enough" to prove that counsel is entitled to an increase in the $125.00 hourly rate as set by the EAJA). Accordingly, plaintiff is entitled to attorney fees under EAJA calculated at the statutory rate of $125.00 per hour, which results in an award of $ 2,937.50.

### III. Recommendation

Accordingly, I respectfully recommend that plaintiff's petition for attorney fees pursuant to the EAJA (docket no. 17) be **GRANTED** and that defendant pay plaintiff attorney fees in the amount of **$ 2,937.50**.


Dated:  April 11, 2011                           /s/ Hugh W. Brenneman, Jr.
                                                 HUGH W. BRENNEMAN, JR.
                                                 United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).