UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LYNN A. MUELLER,

                Plaintiff,                            Case No.  1:09-CV-695

v.

                                              HON. GORDON J. QUIST

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

_____/

## MEMORANDUM OPINION AND ORDER
## ADOPTING IN PART AND REJECTING IN PART
## MAGISTRATE'S REPORT AND RECOMMENDATION

On April 11, 2011, Magistrate Judge Hugh Brenneman issued a Report and Recommendation ("R & R"), recommending that Plaintiff's petition for attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), be granted and that Defendant be required to pay $2,937.50 in attorney fees, representing 23.5 hours of work at the statutory rate of $125.00 per hour.  Plaintiff timely filed objections.  Having reviewed *de novo* the portions of the R & R to which Plaintiff objects, the Court concludes that the R & R should be adopted in part and rejected in part.

A.       **The Hours Involved**

In her petition for attorney fees, Plaintiff requested fees for 23.5 hours of work and submitted supporting documentation relating thereto, although she also requested leave to amend the application at the time of the submission of a reply memorandum to reflect time expended in seeking attorney fees.  After Defendant filed its response to the petition, Plaintiff submitted a reply requesting an additional 1.5 hours.  The R & R did not allow the additional 1.5 hours because the request was not accompanied by an affidavit from counsel.  (R & R at 5.) With her objections, Plaintiff includes an affidavit from counsel verifying the additional 1.5 hours spent reviewing

Defendant's response to the petition and drafting a reply.  The Court finds both the original 23.5 hours and the additional 1.5 to be reasonable under the circumstances, bringing the total number of compensable hours to 25.

**B.  The Proper Rate**

Plaintiff's primary objection to the R & R is that it limits the hourly rate to $125.00, which is the hourly rate set forth in the EAJA.  Pursuant to the EAJA, the amount of an attorney fee award:

> shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).  If a plaintiff seeks an hourly rate beyond the $125.00 statutory cap, she bears burden of producing "appropriate evidence to support the requested increase."  *Bryant v. Comm'r*, 578 F.3d 443, 450 (6th Cir. 2009).  To meet that burden, the plaintiff must "produce satisfactory evidence - in addition to the attorney's own affidavits - that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  *Id.*

With her petition for fees, Plaintiff submitted a "COMPUTATION OF EAJA HOURLY RATE" that calculates an inflation-adjusted hourly rate of $173.75 based upon the increase in the consumer price index since the $125.00 statutory cap was set.  (Pl.'s Fee Pet. App'x B.)  Plaintiff argued that the requested rate is reasonable given her counsel's experience and expertise in social security cases, but that "due to recent decisions by this Court," she understood that the court would award fees at a rate of $125.00 per hour regardless.  (*Id.* at 4.)  The COMPUTATION OF EAJA HOURLY RATE form cites $4,083.13 as the fee total for 23.5 hours at a rate of $173.75, but that "[b]y ruling of this Court, this amount has been reduced to $125.00 per hour for a total of $2,937.50."  (*Id.* Appx. B.)

2

The R & R first explains that despite Plaintiff's contention otherwise, the court had not previously addressed her request for EAJA fees in this case nor "reduced" the requested fee to $125.00 per hour. (R & R at 5.)  Nonetheless, the R & R found that Plaintiff failed to meet her evidentiary burden of establishing entitlement to a fee increase, citing binding Sixth Circuit precedent making clear that submission of the consumer price index and arguing that the rate of inflation supports an increase in fees is "not enough" to support a fee award in excess of the EAJA's statutory cap. *Bryant*, 578 F.3d at 450.

With her objections, in addition to citing an increase in the consumer price index, Plaintiff attempts to establish the prevailing rate in the community with data from the State Bar of Michigan's Economics of Law Practice in Michigan survey setting forth the 2010 median and mean hourly rates for all private practitioners ($215 and $237), for all solo practitioners working outside of their homes ($200 and $214), for attorneys in practice from 26 to 30 years, like Plaintiff's counsel ($233 and $248), for attorneys in the Grand Rapids Area ($225 and $246), for attorneys practicing administrative law ($225 and $243), and for attorneys practicing primarily in Kent County ($240 and $251).  (Pl.'s Objections at 4.)  Based upon these rates, Plaintiff asserts, Plaintiff's fee request of $173.75 per hour is more than reasonable.  Plaintiff also presents a policy-type argument that an increase in the hourly rate is proper because virtually no attorneys are willing to represent Social Security claimants in federal court.  In support, Plaintiff submits the affidavit of Thomas A. Geelhoed, the only other Kent County attorney Plaintiff is aware of who, like Plaintiff's counsel, does such work on a regular basis.  The affidavit indicates that Mr. Geelhoed charges $200.00 per hour for his services.  (Pl.'s Objections, Ex. A. ¶ 14.)

The Court notes that Plaintiff should have presented the evidence relating to the prevailing rate in the community to the Magistrate Judge in the first instance.  *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).  However, given Plaintiff's apparent confusion regarding whether

the court would allow a rate increase under any circumstances, the Court has considered the evidence.  The Court finds that, in accordance with *Bryant*, Plaintiff has presented sufficient evidence (beyond the consumer price index) to establish "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  *Bryant* 578 F.3d at 450; *see also Karadsheh v. Comm'r of Soc. Sec.*, No. 1:08-cv-988, 2010 WL 4259644, at *3 (W.D. Mich. Sept. 17, 2010) (explaining that although plaintiff had not submitted evidence to establish the prevailing rates in the Western District of Michigan as required by *Bryant*, the court had previously determined that $175.00 is a reasonable rate for hourly work performed in a successful Social Security appeal in the Western District of Michigan, and, therefore, granting the plaintiff's requested increase to $173.88).  Therefore, the Court finds that Plaintiff is entitled to the requested EAJA fees at a rate of $173.75.

Plaintiff does not object to any other portions of the R & R.  Accordingly,

**IT IS HEREBY ORDERED THAT:**

1.  The R & R issued April 11, 2011 (docket no. 18) is **ADOPTED IN PART AND REJECTED IN PART**.  It is rejected with regard to the hours to be compensated and as to the proper hourly rate.  It is adopted in all other respects.

2.  Plaintiff's Application for Attorneys Fees and Costs Pursuant to the Equal Access to Justice Act, 28 USC 2412 (docket no. 15) is **GRANTED**.  Plaintiff is awarded $4,343.75 in attorney fees (25 hours multiplied by $173.75).


Dated:  July 6, 2011                                        _____/s/ Gordon J. Quist_____
                                                                        GORDON J. QUIST
                                                                        UNITED STATES DISTRICT JUDGE