UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LYNN ANN MUELLER,

        Plaintiff,

Case No. 1:09-cv-695

Hon. Gordon J. Quist

vs.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
                               /

**REPORT AND RECOMMENDATION**

        This matter is before the court on plaintiff's motion for award of attorney fees pursuant to the 42 U.S.C. § 406(b) (docket no. 21). Plaintiff's motion is unopposed.

        **I.**        **Background**

        Plaintiff filed this action appealing the Commissioner's decision regarding benefits on July 28, 2009. In an order entered on September 2, 2010, the Court reversed and remanded the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g) to re-evaluate the date on which plaintiff experienced medical improvement. *See* Order (docket no. 14). Plaintiff, as the prevailing party, was awarded attorney fees in the amount of $4,343.75 under the Equal Access to Justice Act (EAJA). *See* Memorandum Opinion and Order (docket no. 20).

        On or about January 21, 2014, the Social Security Administration ("SSA") found that plaintiff was disabled as of January 23, 2006. *See* Amended Notice of Award (docket no. 21-1 at p. 2). Plaintiff received an award of past-due benefits in the amount of $65,519.90, of which 25% or $16,379.98 was withheld "to pay the lawyer." *Id.* (docket no. 21-1 at p. 4). Of this, the SSA paid the lawyer who represented plaintiff during the administrative proceedings. *Id.* The SSA withheld

the remaining balance of $11,311.73 "in case your lawyer asks the Federal Court to approve a fee work done before the Court." *Id.*

## II. Discussion

Plaintiff's motion seeks an award of attorney fees pursuant to 42 U.S.C. § 406(b) for work done before this Court. Attorney fee awards in social security cases brought in this court are authorized under 42 U.S.C. § 406(b)(1)(A), which provides in pertinent part:

> Whenever a court renders a judgment favorable to a claimant under this title [42 U.S.C. § 401 et seq.] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

An attorney fee award is appropriate under § 406(b)(1)(A) when a court remands a case to the Commissioner for further proceedings and the Commissioner subsequently awards the claimant past-due benefits. *Bergen v. Commissioner of Social Security*, 454 F.3d 1273 (11th Cir. 2006). The statutory limit on attorney fees arose, in part, as a response to the inordinately large fees charged by attorneys, which sometimes consisted of one-third to one-half of the claimant's past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 804 (2002). While the SSA typically withholds 25% of the past-due benefits for payment of attorney fees, separate attorney fee awards are made under § 406 for work performed before the administrative agency and for work performed in the Federal Court. *See Horenstein v. Secretary of Health and Human Services*, 35 F.3d 261, 262 (6th Cir. 1994) (concluding that under 42 U.S.C. §§ 406(a) and 406(b), "each tribunal may award fees only for the work done before it").

Plaintiff executed a contingent fee agreement with her counsel, Mr. Rinck, in which she agreed "that if the SSA favorably decides the claim(s), I will pay my representative a fee of twenty-five percent (25%) of the past due benefits resulting from my claim(s). *See* Contingent Fee Agreement at ¶ 3 (docket no. 21-2). In evaluating fees under § 406(b), there is "a rebuttable presumption that an attorney would receive the full 25% contingency fee under contract unless 1) the

attorney engaged in improper conduct or was ineffective, or 2) the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort." *Hayes v. Secretary of Health and Human Services*, 923 F.2d 418, 419 (6th Cir. 1990).

> We believe that . . . a windfall can never occur in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market. We believe that a multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately.

*Id.* at 422.

Under the contingency fee agreement, Mr. Rinck was entitled to receive 25% of the past due benefits awarded or $16,379.98. Here, Mr. Rinck seeks a fee in the amount of $11,250.00. To demonstrate that this award is reasonable, Mr. Rick states that his normal hourly rate is $300.00 and that the proposed fee of $11,250.00 is based upon an hourly rate of $450.00 (150% of his normal rate) for the 25.0 hours spent on this appeal. *See* Timesheet (docket no. 21 at p. 4). Under the circumstances of this case, which resulted in a substantial award of past-due benefits, the requested attorney fee is reasonable.

The fee award, of course, is subject to offset for the previously awarded EAJA fees in the amount of $4,343.75. *See Gisbrecht*, 535 U.S. at 796 ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'"). Thus, Mr. Rinck's requested fee of $11,250.00 should be reduced by the EAJA fee award of $4,343.75, resulting in a net fee award of $6,906.25. Plaintiff, Lynn Mueller, has approved this fee request. *See* Letter of approval (docket no. 22-1). For these reasons, the court finds that plaintiff's request for attorney fees in the amount of $6,906.25 is reasonable under § 406(b)(1)(A).

### III.     Recommendation

Accordingly, I respectfully recommend that plaintiff's motion for award of attorney fees in the amount of **$6,906.25** (docket no. 21) be **GRANTED**.


Dated:  May 13, 2014                                         /s/ Hugh W. Brenneman, Jr.
                                                             HUGH W. BRENNEMAN, JR.
                                                             United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).